### In re Petition for Reinstatement to the Practice of Law of John G. GANLEY.

### No. C4–95–1379.

Supreme Court of Minnesota.

Dec. 19, 1997.

### ORDER

WHEREAS, on June 13, 1996, petitioner John G. Ganley was suspended from the practice of law for a minimum of 6 months, *In Re Disciplinary Action Against Ganley,* 549 N.W.2d 368 (Minn.1996); and

WHEREAS, on July 23, 1997, petitioner filed a petition for reinstatement; and

WHEREAS, following an investigation by the Director of the Office of Lawyers Professional Responsibility, the petition was heard by a panel of the Lawyers Professional Responsibility Board pursuant to Rule 18, Rules on Lawyers Professional Responsibility, following which the panel issued findings of

fact, conclusions and a recommendation including findings that petitioner has fully complied with the procedural conditions set out by the court and that he has established by clear and satisfactory evidence that he has undergone such changes as to render him fit to resume practice and the panel recommends that petitioner be reinstated subject to 2 years' supervised probation subject to the following conditions:

1. Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the probation. Petitioner shall not accept representation of any client until his supervisor has signed a consent to supervise.

2. Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with the probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date, and other relevant information as requested by the supervisor. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

3. Within 30 days of reinstatement, petitioner shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports as requested.

4. Petitioner shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. Such books and records, along with supporting records such as retainer agreements and billing statements, shall be made available to the Director at such intervals as he deems necessary to determine compliance.

5. Petitioner shall respond to correspondence from the Director's office and/or his supervisor by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation; and

WHEREAS, this court has reviewed the record and agrees with the recommendation of the panel,

IT IS HEREBY ORDERED that petitioner John G. Ganley be, and the same is, reinstated to the practice of law in the State of Minnesota and is placed on supervised probation for 2 years on the conditions set out above.

BY THE COURT:

/s/ Alan C. Page
    Alan C. Page
    Associate Justice